UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HICKS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendants.<br>_____/ | 1:10-cv-00515-SMS<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY**<br>(Doc. 19)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY**<br>(Doc. 18)<br><br>**ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE PRO SE PLAINTIFF HEREWITH**<br><br>**PLAINTIFF'S OPENING BRIEF DUE: MARCH 31, 2011**<br><br>**INFORMATIONAL ORDER FOR PRO SE LITIGANTS** |

　　Plaintiff is proceeding with this action seeking judicial review of a final decision of the Commissioner of Social Security denying his application for benefits.  Pursuant to the consent of the parties (Docs. 8 & 10), the matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301.

The motion of Denise Bourgeois Haley of the Law Offices of Lawrence D. Rohlfing to withdraw as attorney of record for Plaintiff was scheduled for hearing on February 11, 2011 at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge (Doc. 19). However, due to a calendar conflict, and time being of the essence, court staff telephoned Plaintiff directly at (559) 897-7140 on February 10, 2011 at 9:11 a.m. to move the hearing time slightly from 9:30 a.m. to 10:30 a.m. on February 11, 2011. In response, Plaintiff replied, "Oh, is it tomorrow?" Additionally, Plaintiff advised that he would appear in court on February 11, 2011 only if he could obtain a ride as it is difficult for him to be in an automobile because he takes a lot of different medications. When court staff inquired if Plaintiff would simply prefer to appear telephonically at the hearing on February 11, 2011, Plaintiff responded that he has a Kingsburg telephone that does not allow him to dial out to make long distance telephone calls. Court staff advised Plaintiff that his area code of (559) is the same area code for the Court. Needless to say, it is clear to the Court that Plaintiff had no intention of appearing in court on February 11, 2011, personally, telephonically, or otherwise. Court staff simply suggested to Plaintiff to be on the lookout for mail from the Court. Thereafter, court staff also telephoned Plaintiff's counsel Denise Haley and defense counsel Leslie Alexander and Alyson Berg to advise that the court hearing on February 11, 2011 is vacated, and a decision on the motion will be issued.

//

1.    <u>Motion to Withdraw as Attorney of Record (Doc. 18)</u>

On December 15, 2010, Denise Bourgeois Haley filed a notice and motion to withdraw as attorney of record, including a supporting memorandum and declaration. A proof of service recites that the motion was served on Defendant's counsel, on Plaintiff at his last known address, as well as on his mother, in an abundance of caution, at her last known address. On December 20, 2010, the Court set the matter for hearing via minute order that was ultimately served on Plaintiff at his last known address, as well as on his mother, in an abundance of caution, at her last known address, on January 7, 2011 (Doc. 20).

Local Rule 182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a) provides for withdrawal with the permission of a tribunal if the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law. Fed. R. Civ. P. 11(b)(1) provides that by presenting to the Court a paper, an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Cal. Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a

tribunal that the tribunal will find the existence of good cause for withdrawal.

The Court hereby **GRANTS** the motion to withdraw.

2.  <u>Extension of Time to File Plaintiff's Opening Brief</u>

Local Rule 182(d) provides, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Counsel has requested that the Court grant Plaintiff time to find new counsel and extend the time for the filing of Plaintiff's opening brief. Plaintiff's opening brief was due on December 16, 2010; thus, it is currently overdue.

In order to permit Plaintiff to attempt to obtain counsel and to file an opening brief, the Court hereby extends the deadline for filing the Opening Brief to and through **March 31, 2011**.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of his action even if Plaintiff fails to obtain new counsel. <u>Failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this action</u>.

3.  <u>Informational Order for Pro Se Litigants</u>

Because Plaintiff is now proceeding pro se, the Court provides Plaintiff with the following information for pro se litigants.

///
//
/

4

A.   <u>Plaintiff's Opening Brief</u>

Plaintiff's opening brief *must* be filed and served by **March 31, 2011.**  Plaintiff *must* serve a copy of the opening brief on Defendant by serving <u>all</u> the attorneys listed for defendant on the court docket, at the addresses noted on the court docket, as follows:

| | |
|---|---|
| **Leslie Alexander** | **Alyson A. Berg** |
| Social Security Administration | United States Attorney's Office |
| 333 Market Street, Suite 1500 | 2500 Tulare Street, Suite 4401 |
| San Francisco, CA 94105 | Fresno, CA 93721 |
| 415-977-8927 | 559-497-4000 |
| Fax: 415-744-0134 | Fax: 559-497-4099 |

Plaintiff *must* also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail, as follows:

> Office of the Clerk
> United States District Court
> Eastern District of California
> 2500 Tulare Street, Suite 1501
> Fresno, CA 93721

<u>Plaintiff's opening brief *must* contain the following</u>:

**(1)**   a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

**(2)**   a summary of the administrative proceedings before the Social Security Administration;

**(3)**   a summary of the relevant testimony at the administrative hearing;

**(4)**   a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

**(5)** a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

**(6)** a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

**(7)** argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record.  Argument in support of each claim of error *must* be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes null and void and is not considered by the Court for any purpose.

**<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>**.

B.   <u>Defendant's Brief</u>

Pursuant to the Scheduling Order (Doc. 7), Defendant's responsive brief is due filed and served on Plaintiff within **thirty (30) days** from the date of service of Plaintiff's opening brief on Defendant.

//

/

6

1      C.   Plaintiff's Reply Brief

2           Plaintiff may file a reply brief, but is not
3  required to do so, within **fifteen (15) days** from the date
4  Defendant served its responsive brief on Plaintiff.  Plaintiff
5  *must* serve a copy of the reply brief on Defendant by serving all
6  the attorneys listed for defendant on the court docket, at the
7  addresses noted on the court docket above.  Plaintiff *must* also
8  file the original reply brief, together with a copy, with the
9  Court at the Court's address in Fresno, CA, noted above.

10          Plaintiff's reply brief should respond to the
11 arguments made in defendant's responsive brief.

12     D.   The Court's Decision on the Merits

13          The Court will consider the merits of the case
14 only after all briefs have been filed; may enter a judgment
15 affirming, modifying, or reversing the determination of the
16 Social Security Administration; and, may or may not remand the
17 case to the Social Security Administration for a further hearing.

18     E.   Rules for Litigating the Action

19          Plaintiff is informed of the following:

20          A.   In litigating this action, the parties *must*
21 comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.),
22 and the Local Rules of the United States District Court, Eastern
23 District of California ("Local Rules").  The Local Rules may be
24 found on court's website at www.caed.uscourts.gov.

25          Local Rule 206 is a special rule for social
26 security actions.  Specifically (a)(2) generally states that
27 complaints *shall* contain the last four digits of plaintiff's
28 social security number *only*, i.e., XXX-XX-1234, and that

7

plaintiff shall privately disclose to defendant, within **five (5) days** after a request is made to plaintiff, the full social security number of plaintiff.

Therefore, plaintiff shall refrain from disclosing the entire social security number on any filings.

**FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS**. See Local Rule 110; Fed.R.Civ.P. 41(b).

B. Documents intended to be filed with the Court *must* be mailed to the Clerk of the Court in Fresno, CA, at the address noted above. See Local Rule 134(a). All documents inappropriately mailed directly to a judge's chambers will be stricken from the record. A document requesting a court order *must* be styled as a motion, not a letter. See Fed.R.Civ.P. 7.

C. Each document submitted for filing *must* include the original signature of the filing party or parties. Local Rule 131; Fed.R.Civ.P. 11(a). All documents submitted without the required signature(s) will be stricken. Each separate document *must* be separately stapled. See Local Rule 130. If a document is stapled behind another document, it will not be filed and will not enter the court docket.

D. All documents filed with the Court *must* be submitted with an additional legible copy to be conformed for the Court's use. See Local Rule 133(d)(2). A document submitted without an extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-stamped copy, an additional copy *must* be provided for that purpose (i.e., an

original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope.  <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis</u>.  Copies of documents from the Court's file may be obtained in the Clerk's Office for fifty ($.50) cents per page.

E. After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court *must* include a proof of service stating that a copy of the document was served on the opposing party.  <u>See</u> 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 135.  **A document submitted without the required proof of service on defendant will be stricken**.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F. A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  <u>See</u> Local Rule 182(f).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  <u>If plaintiff's address is not updated, in writing, within **sixty-three (63) days** of mail being returned, the action will be dismissed for failure to prosecute</u>.  <u>See</u> Local Rule 183(b).

//

//

9

In summary, the Court **ORDERS** as follows:

1. The hearing on plaintiff's counsel's motion to withdraw as attorney of record, set February 11, 2011 at 9:30 a.m. in Courtroom No. 7, is **VACATED**;

2. Plaintiff's counsel's motion to withdraw as attorney of record is **GRANTED**;

3. The Clerk is **DIRECTED** to terminate Ms. Haley as Plaintiff's attorney of record.

4. The Clerk is **DIRECTED** to update the court docket with Pro Se Plaintiff's personal information, and serve Pro Se Plaintiff with this Order, as follows:

> **Richard A. Hicks**
> **13225 E. Nebraska**
> **Selma, CA 93662**
> **(559) 897-7140**

5. Plaintiff's opening brief is due filed on or before **March 31, 2011. <u>Failure to timely file an opening brief will result in dismissal of the action</u>**.

IT IS SO ORDERED.

**Dated:   February 10, 2011**                 /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE