UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD A. HICKS,                          1:10-cv-00515-SMS

                    Plaintiff,             **ORDER DISMISSING ENTIRE
                                           ACTION FOR PLAINTIFF'S
vs.                                        FAILURE TO COMPLY WITH
                                           COURT ORDER AND FAILURE
MICHAEL J. ASTRUE,                         TO PROSECUTE
Commissioner of Social                     (Doc. 24)
Security,
                                           ORDER DIRECTING CLERK TO
                    Defendant.             ENTER JUDGMENT AND
_____/               ADMINISTRATIVELY CLOSE CASE**

        Plaintiff is proceeding pro se and in forma pauperis with

this action seeking judicial review of a final decision of the

Commissioner of Social Security that denied, in whole or in part,

his claim for benefits under the Social Security Act.  Pursuant

to the consent of the parties (Docs. 8 & 10), and 28 U.S.C.

§ 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301, the matter

has been referred to the Magistrate Judge to conduct all further

proceedings, including the entry of a final judgment.

        On May 12, 2011, plaintiff was ordered to file his opening

brief by June 13, 2011, with or without the assistance of

counsel, utilizing specific guidelines provided therein.

Plaintiff was also advised that failure to timely file his

opening brief would result in outright dismissal of this entire

action.  To date, plaintiff has not filed his opening brief or

otherwise contacted the Court.

1

1    Local Rule 110 provides that "...failure of counsel or of a

2    party to comply with these Local Rules or with any order of the

3    Court may be grounds for the imposition by the Court of any and

4    all sanctions...within the inherent power of the Court." 

5    District courts have the inherent power to control their dockets

6    and "in the exercise of that power, they may impose sanctions

7    including, where appropriate...dismissal of a case."  Thompson v.

8    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may

9    dismiss an action, with prejudice, based on a party's failure to

10   prosecute an action, failure to obey a court order, or failure to

11   comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

12   53-54 (9th Cir. 1995) (dismissal for noncompliance with local

13   rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

14   (dismissal for failure to comply with an order requiring

15   amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

16   (9th Cir. 1988) (dismissal for failure to comply with local rule

17   requiring pro se plaintiffs to keep court apprised of address);

18   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

19   (dismissal for failure to comply with court order); Henderson v.

20   Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

21   failure to lack of prosecution and failure to comply with local

22   rules).

23       In determining whether to dismiss an action for lack of

24   prosecution, failure to obey a court order, or failure to comply

25   with local rules, the court must consider several factors:  (1)

26   the public's interest in expeditious resolution of litigation;

27   (2) the court's need to manage its docket; (3) the risk of

28   prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and, (5) the availability
of less drastic alternatives.  Thompson, 782 F.2d at 831;
Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in
expeditiously resolving this litigation and the Court's interest
in managing the docket weigh in favor of dismissal.  The third
factor, risk of prejudice to defendants, also weighs in favor of
dismissal, since a presumption of injury arises from the
occurrence of unreasonable delay in prosecuting an action.
Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
fourth factor, public policy favoring disposition of cases on
their merits, is greatly outweighed by the factors in favor of
dismissal discussed herein.  Finally, a court's warning to a
party that failure to obey the court's order may result in
dismissal satisfies the "consideration of alternatives"
requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833
at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, it is HEREBY ORDERED that:

1.   This action is DISMISSED in its entirety for
plaintiff's failure to comply with an order of the Court and for
failure to prosecute; and,

2.   The Clerk is DIRECTED to enter judgment and
administratively close the case.

IT IS SO ORDERED.

Dated:   __June 17, 2011__                  _____/s/ Sandra M. Snyder_____
                                            UNITED STATES MAGISTRATE JUDGE